## Cooper License

*S. Frank Laveson,* for appellant.

*Jack A. Rounick,* for Commonwealth.

GROSHENS, P. J. November 1, 1968.—This case is an appeal from the suspension of a junior operator's license under the provisions of section 604.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §604.1.

On July 18, 1967, petitioner struck a medial barrier on the Northeast Extension of the Pennsylvania Turnpike. Petitioner was never arrested, no complaint was ever filed against him and no hearing was held before a justice of the peace, magistrate or alderman. The Department of Revenue held a hearing, and later informed petitioner that his license was to be suspended for two months under sections 1002(a) and 604.1(a) of The Vehicle Code, effective June 10, 1968. Upon petition a supersedeas was granted, and a hearing de novo was held on September 16, 1968.

This case is noticeably similar to Commonwealth v. Seprauski (Montg. Co. 1968) decided this same day, and which controls the instant case. Again we have a suspension based on section 1002(a) of The Vehicle Code, driving too fast for conditions. Again we have no witnesses to the accident. There was no damage to the medial barrier. The automobile had damages estimated between $100 and $150, which is to be expected travelling at turnpike speed.

Although the tires were alleged to be smooth, the car had just passed State inspection a few weeks prior to the accident.

The facts appear to be as follows: petitioner passed another vehicle around 60 miles per hour; after completing his pass the car skidded on the wet road and hit the medial barrier; no other cars were involved in the accident, and that is all we have. Where is the proof that the driver was driving too fast for conditions?

The suspension of the Secretary of Revenue is vacated and reversed for reasons cited in Commonwealth v. Seprauski, *supra*.